you to take, remove and keep ⌐ the goods, "same being in payment of your account made for supplies while living in your village." This was August 20, 1890. On September first the plaintiff wrote: "I give you order to hold said goods in your possession belonging to me until such time as I can take care of them." It is clear that up to this time the plaintiff had not thought of pledging her goods for payment of her husband's debt, nor to do anything more than to protect her right in them against her husband's creditors. She owed no debt, either to the plaintiff or any one On the same day she wrote to the defendant that she appreciated his kindness, and expressed her belief that he would "do right" by her. There was evidently a very friendly relation between these parties, and no one carefully reading the evidence can fail to see that this woman confided fully in the honesty and friendship of the defendant. She seemed to believe that her goods might be taken to satisfy her husband's debts, and, fostering this belief, the defendant, on the 2d of September, 1890, wrote her: "I enclose a writing which please sign and return to me. When I have this I can hold the goods together in face of due process of law any party may attempt.

* * * Of course, this writing takes the goods absolute, but it is not my wish to hold them. I hope and trust that the time will come when all these goods will be wanted and used as heretofore." The defendant knew that the plaintiff was not responsible for her husband's debt to him, nor for any other debt of his. It was a scheme to collect from her her husband's debt by representing to her that her property would be safer from her husband's creditors in his hands than in hers, and, relying upon his representations and friendship, she placed them there. Afterwards the defendant sold them, "in such a way, he could get them together again" if plaintiff would pay her husband's debt to him, with interest, and his charges for storing the goods. The referee finds the value of the goods sold to pay a debt of $60, which the plaintiff did not owe, to be $331.33. The evidence in the case is practically without contradiction, and justifies the conclusion of the referee that the defendant obtained possion of the goods by fraud. The question in the case is wholly one of fact, and the referee having found for the plaintiff upon sufficient evidence the judgment should not be disturbed. Putnam and Herrick, JJ., concurred.

FIFTH DEPARTMENT — DECISIONS HANDED **DOWN JULY 1** AND 15, 1895.

Frank D. Perry and Another, Appellants, v. The Lehigh Valley Railway Company, Respondent — Motion denied.

The German-American Bank of Tonawanda, N. Y., Respondent, v. Cornelius Daly, Appellant — Judgment affirmed.

Allen J. Arnold and Others, Appellants, v. James Fee and Another, Respondents —

Memorandum of decision amended so as to read as follows: Judgment affirmed, with costs, on opinion of Rumsey, J., at Special Term, with leave to the plaintiffs to amend their complaint within twenty days on payment of the costs of the demurrer and of this appeal.